THE STATE OF OHIO, APPELLANT, *v.* MARTIN, APPELLEE.

(No. 77-1329—Decided December 7, 1978.)

290

*Mr. Vincent E. Gilmartin,* prosecuting attorney, *Mr. John A. Kicz* and *Mr. J. Christopher Varley,* for appellant. *Mr. Gary L. Van Brocklin,* for appellee.

CELEBREZZE, J.

## I.

The appellant has raised a sole proposition of law alleging error in the Court of Appeals' determination that the trial court was bound by the time limitations of R. C. 2937.21 in ruling on the appellee's motion to dismiss. The appellee has argued conversely that this court need not reach that issue because the delay in bringing the defend-

ant to a preliminary hearing and trial justified the defendant's discharge pursuant to R. C. 2945.73(B) regardless of whether the aforementioned statute is applicable. In order to clarify the relationship between R. C. 2937.21 and the speedy trial statutes, R. C. 2945.71 through 2945.73, and to examine appellee's criticism of the proceedings that took place in Municipal Court, both questions will be expounded upon.

The appellee was arrested on August 16, 1976. On August 18, 1976, he was brought to Youngstown Municipal Court where the record reflects the following entry:

"Case assigned to Judge Kryzan. Waives right to counsel at initial arraignment.

"Defendant waived the 5 and 14 statutory hearing period in Rule 5. Defendant given all his statutory rights as to procedural and initial appearance.

"Set for September 21, 1976 at 9:30 A. M. Defendant found to be indigent. Counsel to be appointed. $5,000.00 bond. * * *"

The record describes further the following activity between August 18, 1976, and the date the preliminary hearing actually took place:

"8-23-76. Reset 9-27-76. * * *

"9-27-76. Assigned to Judge Haynes for trial. * * *

"9-27-76. Defendant in court. Witnesses not present. Reset to 9-30-76 at 9:15. Bond continued.

"9-30-76. Defendant in court represented by Attor ney Stroble. Preliminary hearing held. Probable cause found. Defendant held to await action of Mahoning County Grand Jury. Bond $5,000.00. * * *"

In addition to the foregoing entries, a supplemental journal entry was filed on July 20, 1977, while the cause was pending in the Court of Appeals. The entry was filed pursuant to App. R. 9(E) and properly certified by the Clerk of the Youngstown Municipal Court.[1] The supplemental

---

[1] App. R. 9(E) reads, as follows:

"If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If

entry was accepted by the Court of Appeals and read as follows:

"This entry supplements prior entries made pertaining to the above captioned.

"Defendant was arraigned before Judge Kryzan on August 18, 1976, the defendant at that time waived the 5 and 14 day statutory hearing period in Rule 5. Due to crowded docket in the Municipal Court and due to the expected length of the preliminary hearing the case was set September 21, 1976, at 9:30 a. m. On August 23, 1976, upon request of Defendant's counsel, Attorney Robert Lisotto, the case was re-set for preliminary hearing on September 27, 1976.

"The Court further notes that it was physically impossible to have heard the case earlier."

In order to fully comprehend the ramifications of the delay between August 18 and September 30, 1976, two key provisions come to light. Unless waived, both R. C. 2945.-71(C)(1) and Crim. R. 5(B)(1) entitle a criminal defendant, in felony cases, to a preliminary hearing. R. C. 2945.-71 states, in pertinent part:

"(C) A person against whom a charge of felony is pending:

"(1) Shall be accorded a preliminary hearing within fifteen days after his arrest * * *.

"(D) For purposes of computing time under divisions (A), (B), and (C) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

Furthermore, R. C. 2945.72 deals with a series of circumstances whereby an incarcerated defendant's right to

anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals."

a trial within 90 days, *and* a preliminary hearing within 5 days, can be justifiably extended. Specifically, R. C. 2945.-72(H) allows a trial court to extend the statutory time periods on its own motion and reads in pertinent part:

"The time within which an accused must be brought to *trial,* or, in the case of *felony, to preliminary hearing and trial,* may be extended only by the following:

"* * *

"(H) The period of any continuance granted on the accused's own motion, and the *period of any reasonable continuance granted other than upon the accused's own motion.*" (Emphasis added.)

This court has recently held that when a trial court itself initiates action pursuant to this section, the resulting extension of time will be upheld where the "necessity and reasonableness of the continuance" are exhibited in the record. *State* v. *Wentworth* (1978), 54 Ohio St. 2d 171, 176; *State* v. *McRae* (1978), 55 Ohio St. 2d 149, 153. In addition, in *State* v. *Lee* (1976), 48 Ohio St. 2d 208, 209, this court held that "[m]ere entries by the trial court" would satisfy the statutory requirement "when the reasonableness of the continuance cannot be seriously questioned." The record must reflect that the continuance was "reasonable in both purpose and length." *Lee, supra,* at page 210.

Crim. R. 5(B)(1) also deals with an incarcerated defendant's right to a preliminary hearing within five days of his arrest as well as providing grounds for a permissible extension of that time frame. The rule describes the circumstances that must be present in order to prolong the five-day period, as follows:

"(1) In felony cases a defendant is entitled to a preliminary hearing unless waived in writing. * * * If the defendant does not waive the preliminary hearing, the judge shall schedule a preliminary hearing within a *reasonable time,* but in any event *no later than five days following arrest* or service of summons if the defendant is in custody * * *. With the *consent* of the defendant and upon a *showing of good cause, taking into account the public interest*

in the prompt disposition of criminal cases, time limits specified in this subsecton may be extended. * * *" (Emphasis added.)

Applying the aforementioned standards to the record in Municipal Court, as supplemented pursuant to App. R. 9(E), the extension of the preliminary hearing to September 30, 1976, satisfies both the "good cause" requirement of Crim. R. 5(B)(1), as well as the "reasonableness" mandated by R. C. 2945.72(H). On August 18, 1976, the appellee consented to an extension of the five-day time period and the court set the date for hearing as September 21, 1976, due to the crowded state of its docket and the expected length of the hearing.[2]

On August 23, 1976, *at the request of appellee's counsel*, the date was reset for September 27, 1976. Furthermore, the date was again extended to September 30, 1976, when certain witnesses failed to appear on the 27th.

The totality of these circumstances reflects a reasonable and conscientious effort by the Municipal Court judge to comply with the Criminal Rules and the request of the defendant's counsel to afford defendant his statutory right to a preliminary hearing. Therefore, the continuance to September 30, 1976, is a permissible exercise by the court of its authority under R. C. 2945.72(H) and not "facially unreasonable and seriously open to question" in conformity with the guidelines in *Lee* and *Wentworth, supra.* The reasonableness of the extension has been affirmatively demonstrated in the record.

Since the requirements of R. C. 2945.72(H) have been met, *both* the 5 and 90 day periods mandated by R. C. 2945.-71(C) and (D) were permissibly extended and therefore the delay consumed between August 18, 1976, and Septem-

---

[2] If the defendant had waived the time limit solely on his own initiative, as opposed to accommodating the Municipal Court because of its crowded docket, the defendant's action would be analogous to the "waiver of time" discussed in *State* v. *McBreen* (1978), 54 Ohio St. 2d 315, and therefore a "continuance granted on the accused's own motion" pursuant to the first part of R. C. 2945.72(H).

ber 30, 1976, would be disregarded in the time computation required by R. C. 2945.71.[8]

This court is aware that the supplemental journal entry filed in the Court of Appeals certainly helped to explain the "reasonableness" of the extension. However, it is not the intention of this court to advocate the use of this procedural tool as a substitute for a lower court affirmatively demonstrating the reasonableness of an extension pursuant to R. C. 2945.72(H) in the first instance. It is imperative that the trial courts in this state conscientiously strive to perform their statutory duties by stating the circumstances surrounding these continuances so as not to preclude effective appellate review. The necessity and purpose of such an extension should be clearly reflected from the record at the time it was granted.

## II.

On December 16, 1976, the appellee filed a motion to dismiss alleging, in effect, that he had been held in jail for 122 days without a trial. However, disregarding the 43 day delay involved in bringing the appellee to a preliminary hearing, the motion was filed on the 79th day from his arrest and initial incarceration and therefore well within the 90 day limit. The motion was subsequently overruled on January 7, 1977.

The Court of Appeals held that, because of the statutory language embodied in R. C. 2937.21, the motion had to be ruled on within 10 days, absent the consent of the defendant to an extension. R. C. 2937.21 reads as follows:

"No continuance at any stage of the proceeding, including that for *determination of a motion*, shall extend *for more than ten days* unless both the state and the accused *consent thereto.* Any continuance or delay in ruling contrary to the provisions of this section shall, unless pro-

---

[8]The Court of Appeals has followed this procedure where the waiver of the five-day period was the result of an accommodation to the trial court rather than at the request of the defendant. See *State* v. *Hilliard* (Jan. 7, 1976), Court of Appeals for Mahoning County, No. 75 C. A. 51, unreported.

cured by defendant or his counsel, be grounds for discharge of the defendant forthwith." (Emphasis added.)

However, in an opinion filed overruling a motion for reconsideration by the state, the appellate court conceded that a portion of that delay must be charged to the appellee as an extension of the 90 day time frame pursuant to R. C. 2945.72(E). The court described its decision as follows:

"The State in its motion for reconsideration argues that a *'Motion to dismiss filed by the defendant would extend the time for trial pursuant to R. C. 2945.72(E). We can agree with this contention and in fact are bound to so agree in view of State* v. *Walker,* 42 Ohio App. 2d 41, cited by the movant. * * * *We have not held that the time involved in the determination of a defense motion does not cause a continuance.* However, we do hold that in obedience to R. C. 2937.21, if this continuance is to be for a period of more than ten days there must be, of record, a consent thereto."[4] (Emphasis added.)

It is this "obedience" of the Court of Appeals that is erroneous. R. C. Chapter 2937 deals with the subjects of preliminary examination and bail. In addition, R. C. 2937.-21 was enacted effective January 1, 1960, long before the advent of the current speedy trial statutes.

A second basis for holding that the trial judge was not limited by this statute in ruling on the appellee's motion is the decision of this court in *State* v. *Fowler* (1963), 174 Ohio St. 362. This court specifically held, at page 364, that the

---

[4]In *State* v. *Walker* (1974), 42 Ohio App. 2d 41, the second syllabus of the decision of the Court of Appeals for Jefferson County reads: "R. C. 2945.72(E) provides that a motion filed by accused may extend the time within which such accused must be brought to trial." See, also, *State* v. *Lacy* (1975), 46 Ohio App. 2d 215, 216, where a delay of 19 days was charged to the defendant pursuant to R. C. 2945.72(E) in order for a trial judge to rule on a motion for change of venue. Furthermore, in *State* v. *Smith* (1976), 47 Ohio App. 2d 317, the Court of Appeals for Cuyahoga County, while not holding that the time for the determination of a motion to dismiss would extend the 90 day trial limit, nevertheless assumed that such action did stop the running of the statute. *Id.* at pages 322-23, fn. 2.

requirements of R. C. 2937.21 should not be imposed upon the operation of the Court of Common Pleas, as follows:

"This section was enacted as a part of Amended Substitute Senate Bill No. 73 by the One Hundred and Third General Assembly, 'relative to making practice and procedure in the trial of criminal offenses uniform in courts *inferior to the Court of Common Pleas.'* Thus, since the *present proceeding was begun in the Court of Common Pleas, Section 2937.21 is not applicable thereto.*" (Emphasis added.)

In light of the foregoing, therefore, R. C. 2937.21 does not operate to impose a statutorily mandated maximum time frame in which a motion, such as that in the present appeal, has to be decided. The 90 day time limit was extended for the full 22 days consumed in deciding that motion and was properly charged to the defendant as "delay" caused by a "motion * * * made or instituted by the accused," pursuant to R. C. 2945.72(E).

However, the inapplicability of R. C. 2937.21 does not imply that a trial court has unbridled discretion concerning the amount of time it takes to rule on a defense motion. We have and will continue to impose upon *both* the prosecution *and* the trial courts the mandatory duty of complying with the provisions of R. C. 2945.71 through 2945.73. See, *e. g., State* v. *McRae, supra*; *State* v. *Wentworth, supra*; *State* v. *Tope* (1978), 53 Ohio St. 2d 250; *State* v. *Singer* (1977), 50 Ohio St. 2d 103; *State* v. *Pudlock* (1975), 44 Ohio St. 2d 104; *State* v. *Cross* (1971), 26 Ohio St. 2d 270. A strict adherence to the spirit of the speedy trial statutes requires a trial judge, in the sound exercise of his judicial discretion, to rule on these motions in as expeditious a manner as possible.

When the motion was overruled on January 7, 1977, 11 days remained within which the defendant had to be tried to comply with the 90 day limit. However, the record also reflects that when the case was called for trial on January 12, 1977, a continuance was requested by the defendant and granted *nunc pro tunc* to January 10, 1977. Therefore, any

298

delay ensuing between that date and the commencement of trial on February 7, 1977, is also a permissible extension and chargeable to the appellee as a "continuance granted on the accused's own motion" in accordance with R. C. 2945.72(H).

Since the appellee was brought to trial in conformity with the time periods mandated by R. C. 2945.71 through 2945.73, the judgment of the Court of Appeals is hereby reversed.

*Judgment reversed.*

LEACH, C. J., W. BROWN, SWEENEY and LOCHER, JJ., concur.

HERBERT and P. BROWN, JJ., concur in the syllabus and judgment.