On November 21, 1995, defendant-appellant, Sandra Morrison, was served with a summons for two felony drug charges and one misdemeanor drug charge. On November 18, 1997, appellant pled no contest to the charges and moved to dismiss for want of a speedy trial under R.C. 2945.71. The Clinton County Court of Common Pleas overruled appellant's motion to dismiss and found her guilty of two counts of trafficking in marijuana in violation of R.C. 2925.03(A)-(3), and R.C. 2925.03(A)(4). Appellant then filed this appeal. Finding that appellant was indeed denied her right to a speedy trial, we reverse the decision of the trial court. Appellant raises one assignment error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN OVERRULING HER MOTION TO DISMISS FOR WANT OF SPEEDY TRIAL.
Ohio's speedy trial statute provides that "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after his arrest." R.C.2945.71-(C)(2). The time requirements set forth in R.C. 2945.71
are subject to the extensions provided in R.C. 2945.72, which states:
 The time within which an accused must be brought to trial, * * * may be extended only by the following:
* * *
 (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 (D) Any period of delay occasioned by the neglect or improper act of the accused;
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused * * *.
R.C. 2945.73(B) states, "[u]pon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2956.72 of the Revised Code." When a defendant moves for discharge and presents a prima facie case that the state has not provided a trial within the time limits of R.C. 2945.71, the burden of production shifts to the state to prove that time was extended under R.C.2945.72. State v. Butcher (1986), 27 Ohio St.3d 28, 30-31. If the state fails to bring forth evidence in rebuttal, then discharge is required. Id. Further, extensions of time under R.C. 2945.72 are strictly construed against the state. State v.Singer (1977), 50 Ohio St.2d 103, 109.
In this case, since appellant was not initially arrested, the speedy trial time began to run on November 21, 1995 when the summons was served on appellant. Fourteen days elapsed until appellant filed a request for discovery on December 6, 1996, which tolled the speedy trial time under R.C. 2945.72(E). SeeState v. Prather (July 10, 1995) Brown App. No. CA94-08-010, unreported, at 6. The state responded to the discovery request on December 18, 1995, and the speedy trial time began to run again. One hundred days elapsed until March 27, 1996 when appellant filed a motion for leave to file a motion to suppress, which was granted, and the speedy trial time was again tolled under R.C. 2945.72(E). See State v. Bumbalough
(1992), 81 Ohio App.3d 408, 410. During the next several months, between March 27, 1996 and August 23, 1996, appellant concedes that she filed various motions and requested a continuance, all of which tolled the speedy trial time under R.C. 2945.72(E) and (H). See State v. Martin (1978), 56 Ohio St.2d 289.
On August 23, 1996 appellant filed her motion for new counsel to be appointed. The trial court finally appointed counsel for appellant on March 7, 1997, and the speedy trial time began to run once again. Twenty-one days elapsed until March 28, 1997 when appellant requested a bill of particulars which tolled the speedy trial time under R.C. 2945.72(E). See Prather at 6.
While the speedy trial time was still tolled, appellant failed to appear at a hearing on June 24, 1997 and a capias had to be issued. Because of this neglect on appellant's part, the speedy trial time remained tolled under R.C. 2945.72(D) until August 27, 1997, when appellant finally appeared before the court, in custody. At that point, the speedy trial time began to run again, and twenty days elapsed until September 16, 1997 when appellant requested a second continuance which tolled the speedy trial time under R.C. 2945.72(H). See Martin, 56 Ohio St.2d 289. While the speedy trial time was still tolled, appellant filed a motion to dismiss which further tolled the time under R.C. 2945.72(E). See State v. Wilson (1982), 7 Ohio App.3d 219,222. The speedy trial time then remained tolled until November 18, 1997 when appellant finally entered her no contest plea. Thus, according to our determination, not considering the time period between August 23, 1996 and March 7, 1997, a total of one hundred fifty-five days are chargeable against the state.
As previously stated, on August 23, 1996, appellant filed a motion requesting that new counsel be appointed on her behalf. A hearing on this motion was held on August 28, 1996, and the second paragraph of the entry from this hearing provides as follows:
 Upon convening of the hearing, the defendant upon her own motion, moved the Court for new counsel for the defendant and acknowledged that any delay caused by said motion would not be credited against defendant's speedy trial time. The Court thereupon granted said motion and will appoint new counsel for the defendant herein.
We note that the entry states that appellant "acknowledged that any delay caused by said motion would not be credited against defendant's speedy trial time." However, we do not construe this acknowledgement as a complete waiver of appellant's right to a speedy trial allowing the trial court to take any period of time, no matter how unreasonable, to appoint new counsel. Rather we find that the language of this entry must be read within the limits of due diligence required by R.C. 2945.72(C). The statute provides that the speedy trial time is tolled by "any delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by anylack of diligence in providing counsel to an indigent accused * * *." R.C. 2945.72(C) (emphasis added). Thus, the tolling of the speedy trial time is conditioned upon the government's due diligence in providing appointed counsel to the indigent.
On March 7, 1997, Richard L. Goettke was appointed to represent appellant. However, there is nothing in the record between August 28, 1996, the date the court ordered that new counsel be appointed, and March 7, 1997, the date that counsel was finally appointed. We have nothing to account for this gap of one hundred ninety-one days, nor is there any record to establish that this delay was not occasioned by a lack of diligence in providing counsel to appellant.
The state alleges certain facts, not reflected in the record, attempting to charge a portion of this one hundred ninety-one days to appellant. On this point, we must agree with the Third Appellate District addressing a similar situation when that court concluded:
 There is no journal entry setting forth what occurred or why or when the apparent continuance * * * was granted. We cannot arbitrarily assume that this delay was requested by the appellant or that it was required to obtain counsel by [her] or for [her]. The record is silent and does not sustain the burden of the state to affirmatively demonstrate exception.
State v. Marshall (Apr. 11, 1984), 1984 Ohio App. LEXIS 9523, *11-12.
In this case, it is not necessary for us to determine exactly what period of time would be reasonable for the trial court to appoint new counsel. What may be considered a reasonable under the facts of one case may prove completely inadequate considering the facts of another. However, since we are required to construe this statute strictly against the state, we find that the passage of one hundred ninety-one day period between August 28, 1996 and March 7, 1997 demonstrates a "lack of diligence" under R.C. 2945.72(C), and when this time period is added to the one hundred fifty-five days already chargeable to the state, we must conclude that appellant's assignment of error is well-taken. Accordingly, we are constrained to reverse the judgment of the trial court, and appellant is hereby discharged.
Judgment reversed.
YOUNG, P.J., and KOEHLER, J., concur.