OPINION
Plaintiff-appellant State of Ohio appeals the decision of the Mahoning County Court of Common Pleas granting defendant-appellee Edward Dunlap's motion to dismiss the indictment for speedy trial violations. This court is asked to determine whether an accused must have the consultation of an attorney prior to the execution of a waiver of speedy trial rights. This court is also asked to determine if Dunlap's right to a preliminary hearing was violated for holding a preliminary hearing over ten months after his arrest. For the following reasons, the decision of the trial court is hereby affirmed.
 FACTS
A complaint was filed with the police department against Dunlap on October 27, 1999. The complaint alleged that Dunlap, who contracted with the victim to perform roofing services to the victim's house, stole over $1,000 from the victim and did not perform any work on the victim's house.
On February 24, 2000, Dunlap was arrested and charged with felony theft, R.C. 2913.02(B)(2). On February 25, 2000, Dunlap waived his U.S. and Ohio constitutional and statutory speedy trial rights, including the time period in which to have a preliminary hearing. That same day, Dunlap was arraigned in Struthers Municipal Court.
On December 18, 2000, upon the state's motion, the trial court dismissed the complaint without prejudice. However, later that same day the state refiled the charges, R.C. 2913.02(B)(2). The trial court set a preliminary hearing for December 22, 2000.
On December 22, 2000, Dunlap waived his right to a preliminary hearing. An indictment was issued on January 18, 2001. Dunlap failed to appear at the scheduled arraignment on February 6, 2001. A bench warrant was issued the next day. On May 15, 2001, Dunlap was arraigned. Trial was set for May 23, 2001.
On the day of trial, Dunlap filed a motion to dismiss for violation of his speedy trial rights. On July 10, 2001, the trial court granted the motion to dismiss. The trial court held that Dunlap's waiver of his speedy trial rights were invalid. The court stated that Dunlap was not represented by counsel at the time he executed the waiver, therefore, the waiver was not knowingly, voluntarily, and intelligently entered into. The trial court went further to state that even if the waiver was valid, the ten month period from the time of the arrest to the preliminary hearing is unreasonable and a violation of Dunlap's speedy trial rights. The state timely appeals the decision.
 ASSIGNMENT OF ERROR NO. ONE
The state raises two assignments of error. The first of which contends:
 "THE TRIAL COURT ERRED WHEN IT DISMISSED THE INDICTMENT FOR A SPEEDY TRIAL VIOLATION AFTER A WRITTEN WAIVER OF UNLIMITED DURATION OF SPEEDY TRIAL RIGHTS IN THE ABSENCE OF THE REVOCATION OF THAT WAIVER OR A FORMAL WRITTEN DEMAND FOR TRIAL."
The state argues that despite the dismissal of the first charge, the waiver that was executed in response to that charge is valid as to the re-filing of the identical charge. The state claims that Dunlap's waiver of the time limits to the preliminary hearing are valid and the state did not violate Dunlap's rights.
The right to a speedy trial is a fundamental right guaranteed to every person who is charged with an offense for which he may be deprived of his liberty or property. State v. Carter (Mar. 31, 1998), 10th Dist. No. 97APA08-976; Sixth Amendment to the U.S. Constitution; Section 10, Article I, Ohio Constitution. The courts indulge every reasonable presumption against waiver of fundamental constitutional rights and do not acquiesce in the loss of fundamental rights. State v. Adams (1989),43 Ohio St.3d 67, 69, citing Johnson v. Zerbst (1938), 304 U.S. 458.
The Ohio Supreme Court has held that an appellant's waiver of his right to a speedy trial as to the initial charge cannot be construed as a knowing and intelligent waiver of such a right as to any additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver. Adams, 43 Ohio St.3d 67, syllabus (Adams was charged with violating R.C. 4511.19(A)(3). That charge was dismissed and Adams was then charged with R.C. 4511.19(A)(1). The waiver that was executed prior to the dismissal of the first charge was invalid as to the second charge.). However, when a subsequent charge is identical to the originally dismissed charge, the waiver executed as to the original charge generally retains its validity and is applicable to the succeeding second charge. State v. Luff (1993), 85 Ohio App.3d 785,797; State v. Clark (1995), 107 Ohio App.3d 141, 152-153.
In Luff, appellant was indicted and executed a valid waiver of his speedy trial rights. Two months later, appellant was indicted again. The second indictment was identical to the first indictment in all respects except that the second indictment added an additional death specification and an additional count of aggravated robbery. The two indictments were joined and the court entered a nolle prosequi for the first indictment because the re-indictment contained the same charges. Later appellant filed speedy trial violations. The trial court held that the waiver was valid as to the charges that were included in the first indictment but not as to the charges that were added in the second indictment. Therefore, the trial court dismissed the additional death specification and the aggravated robbery charge for violation of speedy trial rights. In affirming the trial court's decision, the appellate court followed the reasoning in Adams. In Adams, the court stated that the first indictment and the second indictment contained two different distinct charges.Adams, 43 Ohio St.3d 69-70. The court held that two different charges have the possibility of different defenses at trial. Id. "A knowing and intelligent waiver cannot be made until all the facts are known by the accused, which includes knowing the exact nature of the crime he is charged with." Id. at 70. Therefore, a waiver is only valid as to the charges that were in effect at the time of the waiver. Luff,85 Ohio App.3d at 797; Clark, 107 Ohio App.3d at 152-153; State v. Sain (Aug. 23, 1993), 2nd Dist. No. 13493, unreported. Re-filing the identical charges, R.C. 2913.02(B)(2) in the case at hand, did not destroy the waiver.
Although Dunlap's waiver was valid and effective as to the refiled charge, the preliminary hearing was not held until approximately 279 days after arrest. Furthermore, it took the court approximately 453 days after the initial arrest to bring Dunlap to trial. The trial court stated that even if the waiver was valid, "setting a felony preliminary hearing nearly ten months in the future is inherently unreasonable, particularly when the judge of the municipal court made no specific findings which could justify such a lengthy delay." (7/10/01 J.E.). Unless waived, both R.C. 2945.71(C)(1) and Crim.R. 5(B)(1) entitle a criminal defendant, in felony cases, to a preliminary hearing. State v. Martin (1978),56 Ohio St.2d 289, 292. In the case at hand, Dunlap did not initially waive his right to a preliminary hearing, he only waived the time limits for the preliminary hearing and he never revoked his waiver of speedy trial rights including the time waiver of the preliminary hearing.
The Ohio Supreme Court has stated that:
 "* * * following an express, written waiver of unlimited duration by an accused of his right to a speedy trial, the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time." State v. O'Brien
(1987), 34 Ohio St.3d 7.
However, previous decisions from our court have looked to see if the amount of time a person was brought to trial/preliminary hearing were constitutionally unreasonable despite a waiver of statutory speedy trial rights. See State v. Kent (Nov. 23, 1998), 7th Dist. No. 97CA102.
In Kent, appellant complained that his speedy trial rights were violated despite his waiver of those rights. Appellant entered a plea to misdemeanor reckless operation. According to the speedy trial statutes, the state was required to bring him to trial within 90 days of his arrest. However, he was not brought to trial until 760 days after his arrest. The trial court held that his speedy trial rights were not violated. We affirmed the trial court's decision stating that from the pleadings and the record it was clear that the trial court was waiting for the Ohio Supreme Court's decision in another case which was needed to appropriately rule on a pending motion regarding appellant's case. Kent, 7th Dist. No. 97CA102.
Furthermore, in Martin, the Ohio Supreme Court dealt with the issue of a preliminary hearing not being held within the time period. The accused was in jail and waived the time period within which to have a preliminary hearing. The trial court set the preliminary hearing over a month later due to the crowded court docket. Before the set preliminary hearing date, defense counsel asked that the hearing be delayed another week. The trial court granted this request. However, on the date of the preliminary hearing a witness failed to appear. The trial court reset the preliminary hearing for three days later. The Supreme Court held that the delay was both reasonable and was for good cause shown. Martin,56 Ohio St.2d at 294-295. The court noted prior decisions that held when the court itself initiates the delay, then the time to hold the preliminary hearing or trial must be reasonable. Id. The Supreme Court stated the record needs to exhibit a reasonable time and a reasonable purpose. Id.
Given the above case law, Dunlap's right to a speedy trial was, at the very least, arguably violated. Although being brought to trial approximately 453 days after arrest, when the statute requires the accused be brought to trial within 270 days may not be unreasonable given the particular facts of the case, the 279 day delay between arrest and preliminary hearing could be held to be unreasonable. We cannot say as a matter of law that the common pleas court was in error in determining that a preliminary hearing held 279 days after arrest was unreasonable in light of the fact that the record is devoid of any evidence or reasons as to why it took the municipal court nearly ten months to hold a preliminary hearing. Despite the fact that Dunlap waived the time limit to hold a preliminary hearing and never objected to the delay, the trial court was still required to set a preliminary hearing within a reasonable time period. Therefore, the common pleas court was not unreasonable in determining that Dunlap's speedy trial rights were violated. Accordingly, this assignment of error lacks merit.
 ASSIGNMENT OF ERROR NO. TWO
The state's second assignment of error contends:
 "THE TRIAL COURT ERRED WHEN IT DISMISSED THE INDICTMENT FOR A SPEEDY TRIAL VIOLATION SINCE THE ASSISTANCE OF LEGAL COUNSEL IS NOT REQUIRED TO WAIVE A CRIMINAL DEFENDANT'S SPEEDY TRIAL RIGHTS."
An accused or his counsel may validly waive the speedy trial provisions in R.C. 2945.71. State v. McBreen (1978), 54 Ohio St.2d 315, 318. However, if an accused does waive his/her right to a speedy trial that waiver must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. Adams, 43 Ohio St.3d at 69, quoting Brady v. United States
(1970), 397 U.S. 742, 748. A signed, written waiver is strong proof that the waiver is voluntary. North Carolina v. Butler (1979), 441 U.S. 369,373. Despite the fact that Dunlap executed a signed written waiver, the common pleas court concluded that the waiver was not made knowingly or voluntarily because he did not have the assistance of counsel when he executed the waiver.
The trial court's conclusion is incorrect. Prior consultation with an attorney is not needed to waive speedy trial rights as long as the trial court adequately explains that right prior to the execution of the waiver. The trial court need not "enumerate all the possible implications of a waiver" of constitutional rights in order for that waiver to be knowing and voluntary. State v. Phillips (1995), 74 Ohio St.3d 72, 99, citing State v. Jells (1990), 53 Ohio St.3d 22, 26 (discussing waiver of right to a jury trial). The Ohio Supreme Court has held that an accused's waiver of his/her constitutional and statutory rights to a speedy trial is effective if it is expressed in writing or made in open court on the record. State v. King (1994), 70 Ohio St.3d 158, syllabus citing Statev. O'Brien (1987), 34 Ohio St.3d 7; State v. Mincy (1982), 2 Ohio St.3d 6. The Supreme Court made no reference to whether the accused needed consultation from an attorney as a condition precedent to a waiver of speedy trial rights.
Comparing speedy trial rights to other Sixth Amendment rights reveals that the assistance of counsel is not absolutely necessary prior to the execution of a valid waiver of those rights. In regards to waiving the right to a jury trial, the "opportunity to consult" with an attorney is required prior to executing a waiver of that constitutional right. R.C.2945.05. However, this requirement is enumerated in R.C. 2945.05, the waiver of a jury trial statute. In Jells, the Supreme Court cited an appellate court opinion for the proposition that a waiver of the right to a jury trial is made knowingly and voluntarily when it is a "written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel." Id. at 26, citing State v. Morris (1982), 8 Ohio App.3d 12, 14. The speedy trial statute, R.C. 2945.71 to R.C. 2945.73, does not require the consultation or the opportunity to consult with an attorney prior to waiving the right to a speedy trial.
Similarly, the waiver of the Sixth Amendment right to counsel, does not require the advice of an attorney prior to waiving one's right to an attorney. Waiver of one's right to counsel requires that the trial court sufficiently inquire as to whether the accused fully understands and intelligently waives that right. State v. Henley (2000),138 Ohio App.3d 209, 216, citing State v. Gibson (1976), 45 Ohio St.2d 366. The court's inquiry ensures that the waiver is made with an "apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." Gibson,45 Ohio St.2d at 366, quoting Von Moltke v. Gillies (1948), 332 U.S. 708, 724. Waiver of counsel does not require an accused to have the opportunity to consult with counsel or the assistance of counsel prior to waiving his/her right to counsel.
Therefore, the assistance of counsel is not a prerequisite to waive one's right to a speedy trial, if the trial court adequately explains that right and the accused fully understands and intelligently waives that right. If the assistance or the opportunity for the assistance of counsel were necessary, it would be enumerated in the statute or case law, like the waiver of a jury trial statute. No record was submitted to this court to show that the trial court's explanation was inadequate. As such, we cannot find that the explanation was inadequate. This assignment of error has no merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., and Waite, J., concur.