[Cite as *State v. Fliger*, 2020-Ohio-753.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2019 CA 0063 |
| | : | |
| JASON E. FLIGER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Richland County Court
                            of Common Pleas, Case No. 2018 CR
                            0957


JUDGMENT:                   AFFIRMED


DATE OF JUDGMENT ENTRY:     February 28, 2020


APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

GARY BISHOP                             JAMES L. BLUNT, II
RICHLAND COUNTY PROSECUTOR              3954 Industrial Parkway Dr.
                                        Shelby, OH 44875
JOSEPH C. SNYDER
38 South Park Street
Mansfield, OH 44902

*Delaney, J.*

{¶1} Defendant-Appellant Jason E. Fliger appeals his conviction and sentence by the Richland County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Defendant-Appellant Jason E. Fliger was arrested on October 5, 2018. Fliger failed to post bond and was placed into the custody of the Richland County Jail.

{¶3} On November 9, 2018, Fliger was indicted by the Richland County Grand Jury on three counts: (1) Failure to Comply with Order or Signal of Police Officer, a third-degree felony in violation of R.C. 2921.331(B) and (C)(5)(a)(ii); (2) Receiving Stolen Property, a fourth-degree felony in violation of R.C. 2913.51(A) and (C); and (3) Failure to Comply with Order or Signal of Police Officer, a fourth-degree felony in violation of R.C. 2921.331(B) and (C)(4). Fliger entered a plea of not guilty and the matter was set for jury trial on March 25, 2019.

{¶4} On March 27, 2019, the trial court filed a judgment entry continuing Fliger's jury trial. The judgment entry stated:

It is hereby ordered that the jury trial of this case is continued from March 25, 2019 because the case of *State of Ohio v. Khairi Bond, Case No. 2018 CR 366* proceeded to trial. Time is tolled for speedy trial purposes until the next available trial date.

The jury trial was scheduled for June 10, 2019.

{¶5} On June 6, 2019, Fliger filed a Motion to Dismiss, raising a speedy trial argument. Fliger stated he was arrested on October 5, 2018 and had been in custody since his arrest. When the trial court continued his trial date to June 10, 2019, Fliger

argued his trial was beyond the 270-day requirement of R.C. 2945.71(C). The State responded to the motion, arguing Fliger did not consider the statutory tolling of time, such as discovery. The State further argued the speedy trial time was tolled by the continuance of his jury trial due to the precedence of an older criminal case with more serious charges as stated in the March 27, 2019 judgment entry.

{¶6} Prior to the start of the jury trial, the trial court heard the parties on Fliger's motion to dismiss. At the hearing, Fliger argued the trial court's March 27, 2019 judgment entry was insufficient to establish the reasonableness of the continuance because the entry did not state a specific new trial date. (T. 5). The trial court asked defense counsel whether the requirement was 90 or 270 days because Fliger was in custody on multiple charges from other jurisdictions. (T. 5). Defense counsel stated he was unaware that any other jurisdiction had a holder on Fliger. (T. 6). The State presented evidence that while Fliger was being held on the charges in the present case, he was also being held on multiple charges from other jurisdictions, therefore the day count was one-to-one. (T. 6, 8-9). The State also argued there were tolling events, including discovery for 52 days. (T. 6). The State argued that with the tolling events, multiple charges from different jurisdictions, and the one-to-one count, the days were 159 out of the 270. (T. 7). The trial court denied Fliger's motion to dismiss and the jury trial proceeded. The following facts were adduced at trial.

{¶7} On October 5, 2018, Sergeant Cody Baker with the Shelby Police Department received a call at 6:23 a.m. about a vehicle parked on the street that had its lights off but had been running for some time. When he responded to the call, Sergeant Baker found a GMC Envoy with dealer plates. He approached the car and observed

Defendant-Appellant Jason E. Fliger sitting on the seat. Sergeant Baker recognized Fliger from prior interactions and knew Fliger had a tendency to flee. He also knew Fliger had warrants on pending cases in at least one jurisdiction.

{¶8} He attempted to open the car door and Fliger woke up. Sergeant Baker announced himself as law enforcement and Fliger sped off in the truck. Sergeant Baker gave chase in his police cruiser, reaching speeds of 92 mph but he could not catch up to Fliger, whom he estimated was driving about 100 mph.

{¶9} Sergeant Baker pursued Fliger when Fliger pulled off the roadway to a plowed farm field. In the farm field, he was able to keep up with Fliger until Fliger drove into a corn field. The officer broke off the pursuit because he could not see past the corn. He advised dispatch of Fliger's location.

{¶10} Fliger drove until the truck came to rest in a private culvert on the farm property. The owner of the property saw Fliger's vehicle in the ditch and asked Fliger how he got there. Fliger told him he was not sure and said he had been drinking. The farm owner offered to help him get the truck out of the ditch, returned home to call the police, and get his shotgun. The farm owner spoke with Fliger until the police arrived. Fliger then ran off on foot.

{¶11} The Ohio State Highway Patrol, Ontario Police, Shelby Police Department, and Richland County Sheriff's Department arrived on the scene to assist in locating Fliger. Sergeant Ryan Randall of the Ohio State Highway Patrol observed Fliger walking in the woods. Fliger saw Sergeant Randall and he turned to walk away. The police officer ordered Fliger to stop, Fliger surrendered, and he was taken into custody.

{¶12} Fliger testified at trial. He stated that when Sergeant Baker came to the door of the truck, he was startled by yelling and a light in his face. He took off in the truck because he thought someone was coming after him. He denied hearing any sirens or seeing any lights.

{¶13} The State asked if Fliger was under the influence of drugs on that day, which Fliger denied. As rebuttal, the State attempted to introduce the body cam video footage of Fliger's arrest taken by Captain Zehner of the Richland County Sheriff's Department. Fliger objected. During a side bar, the parties discussed the admission of the body cam footage. Fliger objected to the use of the body cam footage because it showed Fliger and Captain Zehner discussing other crimes allegedly committed by Fliger. During Fliger's testimony, he stated he did not know that he was being pursued by the police and that he was wanted by the police. The State contended the footage demonstrated Fliger's motive or intent, lack of mistake, and other elements of the charges. The trial court watched the footage outside the presence of the jury and determined it could be used as rebuttal. The footage showed a discussion about other charges, but the trial court found the discussion went to the issue of willfulness of the pursuit. The footage also rebutted Fliger's testimony that he did not know he was being pursed, which went to the element of intent. Finally, there was discussion about whether Fliger knew the truck he was driving was stolen – another element the State was required to prove. The trial court held the body cam footage was not to be used pursuant to Evid.R. 404(B), but to go towards the elements of pursuit and receiving stolen property.

{¶14} The State recalled Captain Zehner and introduced State Exhibit 12, the body cam footage. The trial court then gave the jury a limiting instruction:

He's only on trial here for fleeing and eluding and receiving stolen property. The prosecutor is allowed to put on evidence relating to knowledge and intent, knowledge regarding the failure to comply with the order or signal of a police office. So you're not allowed to say someone did something bad at one point and, therefore, they must have done something bad in this case. However, one of the issues in this trial is Mr. Fliger's knowledge and Mr. Fliger's intent, so for those reasons you're allowed to consider this information, but not to say, well, he did something wrong before, he must have done something wrong this time. However, it would be germane to what his intent was regarding the failure to comply with the order or signal of a police officer and what his knowledge was relating to the receiving stolen property. That's why it's coming in. So the limiting instruction is that you can't say, well, somebody did something bad one time and then they must have done something bad this time. However, this becomes relevant because it goes to intent and knowledge of Mr. Fliger, so that's why I am allowing it.

(T. 449-450).

{¶15} Ultimately, the jury found Fliger guilty of (1) Failure to Comply with Order or Signal of Police Officer, a third-degree felony in violation of R.C. 2921.331(B) and (C)(5)(a)(ii) and (3) Failure to Comply with Order or Signal of Police Officer, first-degree misdemeanor in violation of R.C. 2921.331(B). The jury found Fliger not guilty of Receiving Stolen Property.

{¶16} The trial court merged Counts One and Three and sentenced Fliger to 30 months in prison via a sentencing entry filed on June 18, 2019. It is from this sentencing entry Fliger now appeals.

## ASSIGNMENTS OF ERROR

{¶17} Fliger raises two Assignments of Error:

{¶18} "I. WHETHER THE TRIAL COURT ERRED BY FAILING TO DISMISS THE CASE FOR NOT AFFORDING THE DEFENDANT A TRIAL WITHIN THE STATUTORY TIME LIMIT.

{¶19} "II. WHETHER THE TRIAL COURT ERRED BY ALLOWING THE POLICE BODY CAMERA TO BE HEARD BY THE JURY, PURSUANT TO RULE OF EVIDENCE 404(B)."

## ANALYSIS

### I. Speedy Trial

{¶20} Fliger contends in his first Assignment of Error that the trial court erred when it denied his motion to dismiss the case based on a violation of his right to a speedy trial. We disagree.

{¶21} Fliger's motion to dismiss was premised upon an alleged violation of his right to a speedy trial. Speedy-trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd*, 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused

charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589, syllabus (1980).

{¶22} A speedy-trial claim involves a mixed question of law and fact. *State v. Hickinbotham*, 5th Dist. Stark No. 2018CA000142, 2019-Ohio-2978, 2019 WL 4780988, ¶ 26, citing *State v. Jenkins*, 5th Dist. Stark No. 2009-CA-00150, 2010-Ohio-2719, ¶ 31, citing *State v. Larkin*, 5th Dist. Richland No. 2004-CA-103, 2005-Ohio-3122. As an appellate court, we must accept as true any facts found by the trial court and supported by competent, credible evidence. *Id*. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. *Id*.

{¶23} Pursuant to R.C. 2945.73, a person who is not brought to trial within the proscribed time periods found in R.C. 2945.71 and R.C. 2945.72 "shall be discharged" and further criminal proceedings based on the same conduct are barred. Fliger was arrested on October 5, 2018 and on November 9, 2018, indicted on three felonies. R.C. 2945.71(C)(2) states that a person charged with a felony shall be brought to trial within 270 days after the person's arrest. Fliger argues that pursuant to R.C. 2945.71(E), for the purposes of computing time under R.C. 2945.71(C), each day Fliger was held in jail in lieu of bail on the pending charge was to be counted as three days. The State contended at the hearing that Fliger was in jail before trial for 159 days, inclusive of tolling events. In his appeal, Fliger does not dispute that he was in jail for 159 days. Fliger argues that pursuant to the triple count, Fliger was in jail for 477 days (159 days x 3) before trial, in violation of R.C. 2945.71(C)(2).

{¶24} Fliger cannot benefit from the "triple-count provision" under R.C. 2945.71(E) when he was held in jail on other charges. *State v. Dahms*, 3rd Dist. Seneca No. 13-16-16, 2017-Ohio-4221, ¶ 104 citing *State v. Stephens*, 9th Dist. Summit No. 26516, 2013–Ohio–2223, ¶ 12, citing *State v. Skorvanek*, 9th Dist. Lorain No. 08CA009399, 2009–Ohio–3924, ¶ 11, citing *State v. MacDonald*, 48 Ohio St.2d 66 (1976), paragraph one of the syllabus. *See also State v. Brown*, 64 Ohio St.3d 476, 479–480 (1992). "Instead, the 270–day time limit contained in R.C. 2945.71(C)(2) applies." *Stephens* at ¶ 12, citing *State v. Richter*, 9th Dist. Summit No. C.A. NO. 11799, 1985 WL 10977 (Feb. 13, 1985) and *MacDonald*, *supra* at 71. At the hearing on the motion to dismiss, the State presented evidence that while Fliger was held in the Richland County Jail on the charges in the within matter, Fliger was also being held on outstanding charges from multiple jurisdictions, including the Shelby Municipal Court and Mansfield Municipal Court. The trial court stated it also conducted research into Fliger's motion to dismiss and determined that Fliger was being held on warrants from multiple jurisdictions, at least through April 27, 2019. The trial court recited at least ten pending criminal actions from other jurisdictions. (T. 8-9). At the hearing, defense counsel acknowledged he was not aware that Fliger was also being held on charges from other jurisdictions when he filed the motion to dismiss for a speedy trial violation.

{¶25} Fliger contends on appeal the State failed to establish that Fliger was being held on multiple charges. We disagree with Fliger's characterization of the evidence. Upon our review of the trial court's denial of the speedy-trial claim, we must accept as true any facts found by the trial court and supported by competent, credible evidence. We find there was competent, credible evidence in the record that Fliger was being held in

jail on other charges arising out of different transactions with a different litigation history. *See State v. Madden*, 10th Dist. Franklin No. 04AP–1228, 2005–Ohio–4281, ¶ 29–30, citing *State v. Parsley*, 82 Ohio App.3d 567, 571, 612 N.E.2d 813 (10th Dist.1993).

{¶26} Fliger next argues the trial court's March 27, 2019 judgment entry continuing Fliger's jury trial was insufficient to extend his speedy trial time. R.C. 2945.72 lists a number of factors that permissibly extend speedy-trial time relative to the general speedy-trial statute, R.C. 2945.71. R.C. 2945.72(H) states, "[t]he time within which the accused must be brought to trial, or, in the case of a felony, to preliminary hearing and trial, may be extended only the following: * * * [t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72 permits the trial court to extend speedy trial time as long as the length of time is reasonable and the reason for the continuance is indicated in the judgment entry. "[W]here the trial record affirmatively demonstrates the necessity for a continuance and the reasonableness thereof, such a continuance will be upheld." *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, ¶ 62.

{¶27} The Fourth District Court of Appeals noted in *State v. Carr*, 4th Dist. Ross No. 12CA3358, 2013-Ohio-5312, 2013 WL 6388440, ¶ 31:

> " 'Ideally, "[w]hen sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." ' *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, ¶ 32, quoting *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982), syllabus.

However, the Supreme Court of Ohio has 'recognized that an appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record.' *Ramey* at ¶ 33. For the continuance to toll speedy trial time, '[t]he record must reflect that the continuance was "reasonable in both purpose and length." ' *State v. Martin*, 56 Ohio St.2d 289, 293, 384 N.E.2d 239 (1978), quoting *State v. Lee*, 48 Ohio St.2d 208, 210, 357 N.E.2d 1095 (1976)."

*State v. Horsley*, 4th Dist. No. 16CA3787, 2018-Ohio-1591, 110 N.E.3d 624, 2018 WL 1920040, ¶ 32, appeal not allowed, 153 Ohio St.3d 1497, 2018-Ohio-4092, 108 N.E.3d 1105, 2018 WL 4927844, ¶ 32 (2018)

{¶28} At the hearing, the trial court acknowledged Fliger's argument as to the continuance of his trial date from March 25, 2019. (T. 9). The trial court stated that on March 25, 2019, there were ten or eleven criminal cases set for trial, including Fliger's, and the oldest case with the most serious charges was *State of Ohio v. Khairi Bond*, Case No. 2018 CR 366. (T. 9). The next available trial date was June 10, 2019. (T. 9). Based on this record, we find the trial court's continuance of Fliger's jury trial was reasonable in both purpose and length.

{¶29} Fliger's first Assignment of Error is overruled.

**II. Evid.R. 404(B)**

{¶30} In his second Assignment of Error, Fliger contends the trial court abused its discretion when it permitted the State to introduce the body cam footage taken by Captain Zehner. We disagree.

{¶31} "[A] trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Westfield Ins. Group v. Silco Fire & Sec.*, 5th Dist. Stark No. 2018CA00122, 2019-Ohio-2779, 2019 WL 2775601, ¶ 52 citing *Huth v. Kus*, 5th Dist. No. 2017 AP 06 0015, 2018-Ohio-1931, 113 N.E.3d 140, 2018 WL 2230727, ¶ 30 quoting *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). Fliger argues the body cam footage was admitted in violation of Evid.R. 404(B). Evid. R. 404(B) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

{¶32} During his testimony, Fliger denied knowing he was being chased by the police, that he had outstanding warrants for his arrest, or that he told the arresting officer that drugs may have been the blame for his actions on October 5, 2018. In order to rebut Fliger's testimony, the State introduced the body cam footage taken by Captain Zehner

during Fliger's arrest on October 5, 2018. Fliger objected to the admission of the footage and prior to its admission, the trial court reviewed the footage.

{¶33} Fliger was charged Failure to Comply with Order or Signal of Police Officer in violation of R.C. 2921.331(B), (C)(4), and (C)(5(a)(ii). The statutes reads, "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop. * * * Except as provided in division (C)(5) of this section, a violation of division (B) of this section is a felony of the fourth degree if the jury or judge as trier of fact finds by proof beyond a reasonable doubt that, in committing the offense, the offender was fleeing immediately after the commission of a felony. * * * A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt: * * * The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property." Fliger was also charged with Receiving Stolen Property, in violation of R.C. 2913.51(A) and (C). The statute reads,

(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.

* * *

(C) Whoever violates this section is guilty of receiving stolen property. Except as otherwise provided in this division or division (D) of this section, receiving stolen property is a misdemeanor of the first degree. If the value of the property involved is one thousand dollars or more and is less than

seven thousand five hundred dollars, if the property involved is any of the property listed in section 2913.71 of the Revised Code, receiving stolen property is a felony of the fifth degree. If the property involved is a motor vehicle, as defined in section 4501.01 of the Revised Code, if the property involved is a dangerous drug, as defined in section 4729.01 of the Revised Code, if the value of the property involved is seven thousand five hundred dollars or more and is less than one hundred fifty thousand dollars, or if the property involved is a firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code, receiving stolen property is a felony of the fourth degree. If the value of the property involved is one hundred fifty thousand dollars or more, receiving stolen property is a felony of the third degree.

The trial court found the Captain's questions and Fliger's responses as to prior crimes rebutted Fliger's testimony and demonstrated the elements of motive and intent for fleeing and eluding the police and receiving stolen property.

{¶34} The trial court acknowledged the implication of the body cam footage on the prohibitions of Evid.R. 404(B) and gave the jury a limiting instruction as to its duty when interpreting the body cam footage. The jury is presumed to follow the instructions of the trial court. *MCM Home Builders, LLC v. Sheehan*, 5th Dist. Delaware No. 18 CAE 09 0074, 2019-Ohio-3899, 2019 WL 4724682, ¶ 48 citing *Pang v. Minch*, 53 Ohio St.3d 186, 187, 559 N.E.2d 1313 (1990), paragraph four of the syllabus.

{¶35} We find no abuse of the discretion to permit the admission of the body cam footage for rebuttal purposes and to establish the elements of the charged offenses.

Further, the trial court provided the jury with a limiting instruction which we must presume the jury followed.

{¶36} Fliger's second Assignment of Error is overruled.

## CONCLUSION

{¶37} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Baldwin, J., concur.