[Cite as *State v. Cottrell*, 2012-Ohio-4583.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case Nos. 11CA3241 |
| | : | 11CA3242 |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| MICHAEL K. COTTRELL, | : | |
| | : | **RELEASED 07/09/12** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Stephen K. Sesser, Chillicothe, Ohio, for appellant.

Matthew S. Schmidt, Ross County Prosecutor, Chillicothe, Ohio, for appellee.
_____

Harsha, J.

{¶1}   In consolidated appeals, Michael Cottrell challenges his convictions for the felonious assault and kidnapping of his now ex-wife.  He contends that trial counsel rendered ineffective assistance by failing to file a motion to dismiss based on a violation of his statutory speedy trial rights.  Because Cottrell waived time for a certain period and the court tolled time for a reasonable continuance, speedy trial time did not expire.  Because counsel cannot be deficient for failure to file a fruitless motion, we reject Cottrell's argument.

{¶2}   Next, Cottrell argues that trial counsel rendered ineffective assistance by failing to request a jury instruction on aggravated assault as an offense of inferior degree to felonious assault.  However, a failure to request a jury instruction on an inferior degree of an offense is presumed to be a matter of trial strategy, and Cottrell failed to rebut this presumption.  Even if the instruction "would have been entirely

consistent with the evidence" as Cottrell claims, trial counsel might have hoped to obtain

an acquittal on felonious assault rather than inviting a conviction on an offense of

inferior degree. Accordingly, we reject Cottrell's argument and affirm the judgment

below.

## I. Facts

**{¶3}**   On August 12, 2010, Cottrell was arrested and charged in a criminal

complaint with one count of felonious assault, a second degree felony. Subsequently,

the charge was bound over to the common pleas court, and the grand jury indicted him

in case number 10 CR 449. On October 1, 2010, Cottrell was indicted in case number

10 CR 527 for rape and kidnapping, first degree felonies. All of the charges stemmed

from an incident that occurred on August 12, 2010.

**{¶4}**   The trial court scheduled a jury trial in both cases for November 9, 2010.

However, on November 8, 2010, Cottrell filed a "TIME WAIVER" in both cases. In each

waiver, Cottrell stated that he "hereby waives time limitations provided by Section

2945.71, Ohio Revised Code, in the above action" and that "[t]his waiver is limited to 4

months." The court rescheduled Cottrell's jury trials for January 18, 2011. However, by

an entry filed in case 10 CR 449, dated January 21, 2011, the trial court stated:

> This cause was scheduled for trial to jury on Tuesday, January 18, 2011 for two (2) days. However, on that day a civil case being Case No. 05 CI 586, Parrish v. Jones, which commenced for trial on January 12, 2011. The civil case was still being tried on January 18[th], by a visiting judge, although it was given to the jury some time around 1:00 P.M. on the 18[th]. The instant case was scheduled for two (2) days, and the court was unavailable for trial on Thursday, January 20[th]. The parties concluded that this case could not be tried in a day and [a] half. It is therefore the order of the court that trial in this matter is continued until 17 the day of March, 2011, at 8:15 AM. The speedy trial provisions of O.R.C. Section 2945.71 are tolled pursuant to O.R.C. Section 2945.72(H).

Cottrell did not object to the new trial date.

{¶5} Although the charges were ultimately tried together on March 17, 2011, and treated as consolidated for purposes of arguments to the jury and drafting verdict forms, they were never officially consolidated by the court. After a jury found Cottrell guilty of kidnapping and felonious assault but not guilty of rape, this appeal followed.

## II. Assignments of Error

{¶6} Cottrell assigns two errors for our review:

I.    APPELLANT WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO FILE A MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL.

II.   APPELLANT WAS DEPRIVED OF A FAIR TRIAL WHEN HIS COUNSEL FAILED TO REQUEST A JURY INSTRUCTION ON AGGRAVATED ASSAULT.

## III. Ineffective Assistance of Counsel

{¶7} In both of his assignments of error, Cottrell contends that trial counsel rendered ineffective assistance. To prevail on a claim of ineffective assistance of counsel, an appellant must show that: 1.) his counsel's performance was deficient, and 2.) the deficient performance prejudiced his defense so as to deprive him of a fair trial. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish deficient performance, an appellant must show that trial counsel's performance fell below an objective level of reasonable representation. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. To establish prejudice, an appellant must show a reasonable probability exists that, but for the alleged errors, the result of the proceeding would have been different. *Id.* The

appellant has the burden of proof on the issue of counsel's ineffectiveness because a properly licensed attorney is presumed competent.  *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62.

### A.  Speedy Trial

**{¶8}**    In his first assignment of error, Cottrell contends that trial counsel rendered ineffective assistance by not filing a motion to dismiss based on a violation of his statutory speedy trial rights.[1]  To succeed on this argument, Cottrell must prove that a motion to dismiss would have been successful.  *State v. Jensen*, 4th Dist. No. 07CA21, 2008-Ohio-5228, ¶ 10.  Counsel cannot be deficient for failing to file a fruitless motion.  *State v. Ross*, 4th Dist. No. 04CA2780, 2005-Ohio-1888, ¶ 9.

**{¶9}**    Under Ohio's speedy trial statutes, if the State fails to bring a defendant to trial within the time required by R.C. 2945.71 and 2945.72, the trial court must discharge the defendant upon motion made at or prior to the start of trial.  R.C. 2945.73(B).  The Supreme Court of Ohio has "imposed upon the prosecution and the trial courts the mandatory duty of complying" with the speedy trial statutes.  *State v. Singer*, 50 Ohio St.2d 103, 105, 362 N.E.2d 1216 (1977).  Thus, we must strictly construe the speedy trial statutes against the State.  *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996).

**{¶10}**  When the defendant moves for discharge on speedy trial grounds and demonstrates that the State did not bring him to trial within the time limits set forth in the speedy trial statutes, the defendant has made a prima facie case for discharge.  *State v. Monroe*, 4th Dist. No. 05CA3042, 2007-Ohio-1492, ¶ 27.  The State then bears the

---

[1] Although Cottrell mentions constitutional speedy trial rights in his brief, he confines his argument to the speedy trial statute.  We do likewise.

burden of proving that actions or events chargeable to the accused under R.C. 2945.72 sufficiently extended the time it had to bring the defendant to trial.  *Id.*

{¶11}  A person against whom a felony charge is pending must be brought to trial within 270 days after his arrest.  R.C. 2945.71(C)(2).  Each day the defendant spends in jail solely on the pending charge counts as three days.  *Id.* at (E).  Here, the parties agree that Cottrell was arrested for felonious assault on August 12, 2010.  The parties also agree that the subsequent kidnapping and rape charges arose from the same underlying circumstances as the felonious assault charge.  Therefore, the parties agree that August 12, 2010, is the starting point for our speedy trial calculation in both cases.  *See State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 11.  The parties also agree that the triple-count provision applies because Cottrell was in jail from his arrest until his trial began.  Therefore, the State had 90 days after Cottrell's arrest to bring him to trial.

{¶12}  The date of arrest does not count against the State in computing the 90 days.  *State v. Younker*, 4th Dist. No. 07CA18, 2008-Ohio-6889, ¶ 15, citing *State v. Madden*, 10th Dist. No. 04AP-1228, 2005-Ohio-4281, ¶ 28 and Crim.R. 45(A).  Therefore, statutory speedy trial time began to run on August 13, 2010, the day after Cottrell's arrest.  *See id.*  In the absence of tolling events, the State needed to bring Cottrell to trial by November 10, 2010.  Because the trial did not begin until March 17, 2011, Cottrell has a prima facie case for discharge under R.C. 2945.73(B).  Therefore, the burden shifts to the State to demonstrate that events chargeable to him under R.C. 2945.72 sufficiently extended the requisite speedy trial time.

{¶13}  On November 8, 2010, Cottrell filed a "TIME WAIVER" in both of his

cases.  By this time, ignoring any other potential tolling events, 88 speedy trial days would have elapsed, and two days remained.  Each of Cottrell's waivers stated that he "hereby waives time limitations provided by Section 2945.71, Ohio Revised Code, in the above action" and that the "waiver is limited to 4 months."  We recognize that the number of days in a month vary, making the entry unclear on its face as to the exact number of days Cottrell agreed to waive time.  Nonetheless, on appeal Cottrell argues that the time waivers expired on March 8, 2011, so we will use this date for purposes of the speedy trial calculation.

{¶14}  Even though Cottrell's waivers expired on March 8, 2011, another tolling event began before then and extended the time for trial until March 17, 2011.  After Cottrell filed his waivers, the court rescheduled his trials for January 18, 2011.  On January 21, 2011, the court issued an entry indicating that because of scheduling problems, the court had to continue the trials until March 17, 2011.  The court held that speedy trial time tolled until that date under R.C. 2945.72(H).  Although the court only filed this entry in case number 10 CR 449, Cottrell implicitly concedes that it applied to both cases, presumably because they arose from the same underlying circumstances, were both set for trial on January 18, 2011, and were ultimately tried together.  *See by way of analogy*, *Blackburn*, *supra*, at syllabus (holding that in calculating speedy trial time, "periods of delay resulting from motions filed by the defendant in a previous case also apply in a subsequent case in which there are different charges based on the same underlying facts and circumstances of the previous case").

{¶15}  R.C. 2945.72(H) provides that speedy trial time tolls for "the period of any reasonable continuance granted other than upon the accused's own motion[.]"  "When

*sua sponte* granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982), syllabus. "The reasonableness of a continuance is determined by examining the purpose and length of the continuance as specified in the record." *State v. Smith*, 4th Dist. No. 10CA3148, 2011-Ohio-602, ¶ 27, citing *State v. Lee*, 48 Ohio St.2d 208, 209-210, 357 N.E.2d 1095 (1976).

**{¶16}** The trial court journalized the continuance entry well before the expiration of Cottrell's time waivers. The entry indicates that the court could not conduct the trial on January 18, 2011, because a civil trial was already pending before a visiting judge, presumably in the same courtroom where Cottrell's trials were to occur. The parties and court apparently discussed moving the trials to January 20, 2011, but the court was not available that day and scheduled the trials for March 17, 2011.

**{¶17}** Cottrell argues that "[t]here is absolutely nothing in the record to demonstrate that March 17, 2011, was the first available day that the trial court could hear this matter." (Reply Br. 2). Although the entry implies March 17 was the first date the court could conduct a two-day trial, we agree the entry could have been more specific on this point. However, Cottrell never objected to the new trial date. And while a 58-day continuance is significant, especially for the individual awaiting trial in jail, the new trial date was only nine days after Cottrell's time waivers expired. Moreover, given the time constraints and complexity of a trial court's docket, 58 days is a reasonable length of time to continue a jury trial. *See Smith*, *supra*, at ¶¶ 26-33 (holding that 45-day and 78-day continuances were reasonable); *State v. Hughes*, 4th Dist. No. 08CA19,

2010-Ohio-2969, ¶ 9 (stating "[w]e are cognizant of the burdensome caseloads in Ohio trial courts and do not believe that a two month continuance is necessarily unreasonable"). Therefore, we conclude the speedy trial time tolled from January 21, 2011, (the date the court filed the continuance entry) until the March 17, 2011, trial date. So even after Cottrell's time waivers expired on March 8, 2011, speedy trial time tolled until his trial began.

{¶18} Cottrell appears to argue that no tolling events could begin during the period his waivers were in effect. (*See* Appellant's Br. 9; Reply Br. 2). In other words, speedy trial time could not toll from January 21, 2011, to March 17, 2011, because his waiver was in effect from November 8, 2010, until March 8, 2011. Cottrell complains that if the State could toll time "during a specified time period waiver" it would "effectively allow the State to double dip for purposes of speedy trial." (Appellant's Br. 9). However, Cottrell cites no authority for his position that a tolling period cannot overlap with a waiver period for purposes of calculating speedy trial time. We have used overlapping tolling periods in statutory speedy trial calculations before, *see Younker*, *supra*, at ¶¶20-21, and we see no reason why a tolling period could not overlap with a waiver period. The State obtains no unfair advantage in the speedy trial calculation merely because of an overlap in a tolling and waiver period.

{¶19} Taking into account the time waivers and time tolled for a reasonable continuance, when the State brought Cottrell to trial at least two speedy trial days remained. Therefore, the State brought Cottrell to trial within the requisite statutory speedy trial time. We need not consider the State's arguments that additional events tolled the speedy trial time; they are moot.

{¶20} Because Cottrell's statutory speedy trial rights were not violated, a motion to dismiss on that basis would have failed. The law does not require counsel to take a futile act, so trial counsel's failure to file a motion to dismiss was not deficient. *See State v. Blevins*, 4th Dist. No. 10CA3353, 2011-Ohio-3367, ¶ 30. Therefore, we overrule the first assignment of error.

### B. Jury Instruction on Aggravated Assault

{¶21} In his second assignment of error, Cottrell contends that trial counsel rendered ineffective assistance by not requesting a jury instruction on aggravated assault as an offense of inferior degree to felonious assault. However, the failure to request a jury instruction on an inferior degree of an offense is presumed to be a matter of trial strategy. *State v. Walker*, 4th Dist. No. 99CA2494, 2000 WL 875954, *4 (June 26, 2000). Cottrell argues that counsel had "no reasonable trial strategy" for not requesting the instruction. He argues that "such a charge would have been entirely consistent with the evidence" and that the "facts in this case beg for such instructions." (Appellant's Br. 15). However, even if we accept Cottrell's argument that the evidence would warrant an instruction on aggravated assault, counsel still may have made a strategic decision to not request the instruction in hopes of obtaining an acquittal rather than inviting a conviction on an offense of inferior degree. "Even a questionable trial strategy is not ineffective assistance of counsel." *Walker* at *4. Because Cottrell failed to rebut the presumption of trial strategy, he has not demonstrated that counsel's performance was deficient.

{¶22} In a footnote in his appellate brief, Cottrell appears to suggest that the trial court committed plain error by not sua sponte instructing the jury on aggravated assault.

Because Cottrell did not separately assign this issue as error, we reject this argument summarily under the provisions of App.R. 12(A)(2) and App.R. 16(A)(7).  Accordingly, we overrule the second assignment of error.

IV.  Summary

{¶23}  Having overruled each of the assignments of error, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Kline, J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
        William H. Harsha, Judge




### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**