[Cite as *State v. Carr*, 2013-Ohio-5312.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 12CA3358 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| DAVID L. CARR, | : | |
| | : | **RELEASED:  11/27/13** |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Stephen K. Sesser, Chillicothe, Ohio, for appellant.

Matthew S. Schmidt, Ross County Prosecutor, and Jeffrey C. Marks, Ross County
Assistant Prosecutor, Chillicothe, Ohio, for appellee.
_____
Harsha, J.

{¶1}   The trial court found David Carr guilty of insurance fraud after he pleaded

no contest to the charge.  Carr now appeals the court's denial of his multiple motions to

dismiss based on a violation of his statutory speedy trial rights.  However, statutory

speedy trial time never expired because time tolled due to the numerous pro se motions

Carr filed and the reasonable continuances the court sua sponte granted.  Accordingly,

we affirm the judgment below.

I.  Facts

{¶2}   On February 19, 2010, a deputy filed a criminal complaint against Carr in

the Chillicothe Municipal Court for failure to register his sex offender status, address, or

place of employment in violation of R.C. 2950.05.  Law enforcement arrested Carr on

March 3, 2010.  The next day, at Carr's request the court appointed him a public

defender and scheduled a preliminary hearing.  After the hearing, the municipal court

bound Carr over to the Ross County Common Pleas Court. A grand jury indicted him in case number 10 CR 117 on three counts on April 9, 2010: (1) failure to comply with R.C. 2950.05; (2) insurance fraud; and (3) theft. Carr received a warrant on the indictment that same day.

{¶3} On April 19, 2010, Carr filed a number of pro se motions, including a motion to represent himself and a "motion for disjoinder of counts," in which he argued that the counts of the indictment were unrelated and asked the court to conduct separate trials on each count in the following order: count one, count three, then count two. Subsequently, Carr filed additional pro se motions, including a motion asking the court to appoint John Sherrod as "advisory and/or co-counsel" and a motion to suppress certain statements. On May 28, 2010, the court held a hearing at which Carr executed a waiver of counsel form, and the court orally granted his motion for self-representation while appointing Sherrod as back-up counsel. The court also considered Carr's motion for "disjoinder," which the court stated should really be titled as a motion to "sever." Orally, the court agreed to conduct separate trials on each count in the order Carr requested. The court told Carr the trials would have to be held in three separate months because jurors served for a month at a time. The court orally denied Carr's motion to suppress statements at a hearing on June 16, 2010.

{¶4} On July 9, 2010, Carr filed several motions, including a motion to dismiss count one based on an insufficient indictment and a motion to dismiss all counts based on a statutory speedy trial violation. Over the next few months, Carr filed additional motions to dismiss based on the speedy trial issue and unsuccessfully sought the trial judge's disqualification. He also filed a motion for "summary judgment" and "objections

to denial due process, equal protection, and access to the court."

{¶5} On January 28, 2011, the court issued an entry ruling on Carr's pending motions. Among other things, the court denied his multiple motions to dismiss. The court also altered its oral ruling on the motion for disjoinder and decided that while it would sever count one from the other counts and try it first, counts two and three would be tried together at a later date.

{¶6} The court set count one for a jury trial on January 31, 2011. However, the court sua sponte continued the trial over Carr's objection until March 23, 2011, because Sherrod did not appear for it. On March 23, 2011, the court continued the trial again until May 23, 2011, because "an essential defense witness did not appear because she had not been served with her subpoena." (Appellant's Br. 4). The court also released Carr on his own recognizance on March 23, 2011.

{¶7} Before the trial on May 23, 2011, the court conducted a hearing. The court explained that on March 25, 2011, Carr had been indicted in case number 11 CR 220 for failure to provide notice of a change of address in violation of R.C. 2950.05. The State informed the court that the new indictment was intended as a substitute for count one in case number 10 CR 117. The parties orally agreed to conduct the trial for the offense under case number 11 CR 220; however, the court did not formally dismiss count one in 10 CR 117 at that time. Carr told the court he wanted to represent himself in 11 CR 220, and the court appointed Sherrod as back-up counsel again. Evidently in the middle of the trial on 11 CR 220, the court appointed Sherrod as Carr's attorney at Carr's request. After that trial concluded on May 25, 2011, Sherrod acted as Carr's

attorney in 10 CR 117 as well.[1]

{¶8} The court scheduled the trial on counts two and three in 10 CR 117 for September 8, 2011. However, Sherrod did not appear for that trial date. After the court made unsuccessful efforts to contact him, the court continued the trial date and scheduled a contempt hearing for September 23, 2011. Subsequently, the court found Sherrod was not in contempt because he was "confronted with a serious health problem, the nature of which did not permit him to contact the court prior to the scheduled trial date." The court then set the new trial date for November 21, 2011. On that date, Carr pleaded no contest to the insurance fraud charge, and the court found him guilty. The court dismissed the theft charge based on Carr's plea agreement.

{¶9} After sentencing, Carr filed an appeal in 10 CR 117, which we dismissed for lack of a final, appealable order because the court never issued an entry dismissing count one of the indictment. *State v. Carr*, 4th Dist. Ross. No. 12CA3312, 2012-Ohio-5151. Subsequently, the court issued an entry to that effect, and this appeal followed.

## II. Assignment of Error

{¶10} Carr assigns one error for our review:

THE DEFENDANT-APPELLANT WAS DENIED HIS STATUTORY RIGHT
TO A SPEEDY TRIAL.

## III. Statutory Right to a Speedy Trial

{¶11} In his sole assignment of error, Carr contends the trial court denied him his statutory right to a speedy trial on Count two of the indictment – the insurance fraud charge. Under Ohio's speedy trial statutes, if the State fails to bring a defendant to trial within the time required by R.C. 2945.71 and 2945.72, the court must discharge him

---

[1] The jury found Carr guilty in 11 CR 220, but we overturned that conviction in *State v. Carr*, 2012-Ohio-5425, 982 N.E.2d 146 (4th Dist.).

upon motion made at or prior to the start of trial. R.C. 2945.73(B). The Supreme Court of Ohio has "imposed upon the prosecution and the trial courts the mandatory duty of complying" with the speedy trial statutes. *State v. Singer*, 50 Ohio St.2d 103, 105, 362 N.E.2d 1216 (1977). Thus, we must strictly construe the speedy trial statutes against the State. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996).

{¶12} Appellate review of a trial court's decision to deny a motion to dismiss based on statutory speedy trial grounds presents a mixed question of law and fact. *State v. Nichols*, 4th Dist. Adams No. 12CA955, 2013-Ohio-308, ¶ 14. We accept the trial court's findings of fact if they are supported by competent, credible evidence, but we independently review the court's application of the law to the facts. *Id.* Here, Carr filed multiple motions to dismiss based on a violation of his statutory speedy trial rights. The court did not elaborate much on its reasons for denying the motions aside from a general finding that Carr had filed multiple motions that caused time to toll. *See* Crim.R. 12(F) ("Where factual issues are involved in determining a motion, the court shall state its essential findings on the record."). However, the record provides us with an adequate basis to review Carr's assigned error. *State v. Younker*, 4th Dist. Highland No. 07CA18, 2008-Ohio-6889, ¶ 11.

{¶13} "When the defendant moves for discharge on speedy trial grounds and demonstrates that the State did not bring him to trial within the time limits set forth in the speedy trial statutes, the defendant has made a prima facie case for discharge." *State v. Cottrell*, 4th Dist. Ross Nos. 11CA3241 & 11CA3242, 2012-Ohio-4583, ¶ 10. The State then bears the burden to prove "that actions or events chargeable to the accused under R.C. 2945.72 sufficiently extended the time it had to bring the defendant to trial."

*Id.* A person against whom a felony charge is pending must be brought to trial within 270 days after his arrest. R.C. 2945.71(C)(2). Each day the defendant spends in jail "on the pending charge" counts as three days. *Id.* at (E). For count two of the indictment, Carr did not go to trial and entered a no contest plea. Therefore, to comply with the speedy trial statutes, the trial court needed to determine his guilt within the speedy trial time limit. *Younker* at ¶ 13.

{¶14} The State initially arrested Carr on March 3, 2010, based on the complaint that accused him of failure to comply with sex offender registration requirements. The grand jury indicted him for the registration offense, insurance fraud, and theft on April 9, 2010, and Carr received a warrant on the indictment that day. In their briefs, both parties omit from their speedy trial calculations the period between Carr's March 3 arrest and the April 9 indictment, so we will do the same. There is no question that the insurance fraud charge is completely unrelated to the registration charge. Thus, the parties appear to implicitly agree that the insurance fraud charge was not "pending" for purposes of R.C. 2945.71(C)(2) until after the April 9 indictment. *See State v. Azbell*, 112 Ohio St.3d 300, 2006-Ohio-6552, 859 N.E.2d 532, syllabus ("For purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C), a charge is not pending until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance."). Although the State counts April 9, 2010, against itself in its calculations, our calculation actually begins with April 10, 2010 – the day after Carr was indicted. *See State v. Delacerda*, 6th Dist. Wood No. WD-12-021, 2013-Ohio-3556, ¶ 12.

{¶15} The parties appear to agree the triple-count provision applies from April

10, 2010, until March 23, 2011, when the court released Carr on his own recognizance. The State does not argue that even though the grand jury charged Carr with three offenses in a single indictment, the triple-count provision should not apply because the offenses were not all related and not tried in a single trial. Therefore, we do not address this issue. *But see by way of contrast State v. Dankworth*, 172 Ohio App.3d 159, 2007-Ohio-2588, 873 N.E.2d 902 (2nd Dist.), ¶ 37 (noting that "several courts have held that when an accused is charged with several unrelated offenses in a multiple-count indictment and all counts are to be tried in a single trial, the indictment is treated as a single charge, and the accused is entitled to the triple-count provision" and agreeing with this proposition).

**{¶16}** In the absence of any tolling event, the trial court had to find Carr guilty of insurance fraud by July 8, 2010, i.e., the court had to find him guilty within 90 days of April 10, 2010, because the triple count provision applied initially. Because the court did not find him guilty until November 21, 2011, Carr has a prima facie case for discharge under R.C. 2945.73(B). Therefore, the burden shifts to the State to demonstrate that events chargeable to him sufficiently extended the requisite speedy trial time.

**{¶17}** The State contends that numerous events sufficiently tolled speedy trial time. The State argues that several of the pro se motions Carr filed delayed this matter. R.C. 2945.72(E) provides that the time within which an accused must be brought to trial may be extended by "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]" "R.C. 2945.72(E) implicitly recognizes that when a motion is filed by a defendant, there is a 'period of delay necessitated' – at the very least, for a reasonable time until the motion

is responded to and ruled upon."  *State v. Sanchez,* 110 Ohio St.3d 274, 853 N.E.2d 283, 2006-Ohio-4478, ¶ 26.

{¶18}  The State initially claims a tolling event occurred on April 19, 2010, when Carr filed his "motion for disjoinder of counts" asking the court to conduct separate trials on each count.  *See* Crim.R. 14 ("If it appears that a defendant * * * is prejudiced by a joinder of offenses * * * in an indictment, * * * the court shall order an election or separate trial of counts, * * * or provide such other relief as justice requires.").  We agree that Carr's motion necessitated some period of delay.  *See State v. Knight*, 2d Dist. Greene No. 03-CA-014, 2005-Ohio-3179, ¶ 33 (finding defendant's motion for separate trial of charges tolled time under R.C. 2945.72(E)).  As the State apparently acknowledges, time did not begin to toll until April 20, 2010 – the day after Carr filed the motion – because we do not include the date a defendant files a motion in our count of days tolled unless the date filed is also the date the court resolved the motion.  *Younker*, 4th Dist. Highland No. 07CA18, 2008-Ohio-6889, at ¶ 16.  By this time, 10 actual days and 30 speedy trial days had elapsed.

{¶19}  The trial court did not journalize its decision on Carr's motion until January 28, 2011.  However, the State argues the last day time tolled due to the motion for "disjoinder" was May 28, 2010, when the court orally ruled on the motion.  In other words, the State argues that Carr's motion necessitated only a 39-day delay.  We conclude this was a reasonable amount of time.  By way of comparison, "[t]his Court and others have suggested that the 120-day period prescribed in Sup. R. 40 for ruling on a motion 'serves as an indication of what a reasonable amount of time would be in a typical case.' "  *State v. Staffin*, 4th Dist. Ross No. 07CA2967, 2008-Ohio-338, ¶ 18,

quoting *State v. Keaton*, 4th Dist. Pickaway No. 95CA15, 1996 WL 271704, *2 (May 16, 1996). Thus, we find speedy trial time tolled from April 20, 2010, until May 28, 2010, due to Carr's "motion for disjoinder of counts." In his own calculations, Carr concedes time tolled during part of this period, from May 11, 2010, until May 28, 2010, in recognition of the court's need to conduct a "hearing on various motions." (Appellant's Br. 6).

{¶20} The State then offers two alternative "scenarios" for how we should treat the time period between May 28, 2010, when the court orally granted severance, and May 25, 2011, when a jury found Carr guilty of the registration violation. First, the State contends we should toll all of that time, presumably because Carr delayed the trial on count two when the court granted his request to first have a separate trial on count one. Although we see the logic in this argument, it is apparent that Carr believes the court took an unreasonable amount of time to bring him to trial on count one. However, we need not resolve this dispute because as we explain below, we largely agree with the State's second scenario in which it contends that even if all the time between May 28, 2010, and May 25, 2011, did not toll due to the severance of counts, much of the time tolled anyway due to motions Carr filed and continuances the court granted. And when those tolling events are coupled with other tolling events that occurred after May 25, 2011, it is clear the court found Carr guilty before speedy trial time expired.

{¶21} In its second "scenario," the State contends time continued to toll on May 28, 2010, due to a motion to suppress Carr filed prior to that date, until June 16, 2010, when the trial court orally denied the motion. In his calculations, Carr concedes time tolled during this period. Therefore, we will also toll this time, although we note that the

court did not actually journalize its ruling on the motion to suppress at issue until January 28, 2011.

{¶22} Next in its second "scenario," the State concedes time did not toll from June 17, 2010, through July 9, 2010. Sixty-nine speedy trial days elapsed during this period, i.e., 23 actual days to which the triple-count provision applies. So as of July 9, 2010, in total 99 speedy trial days had elapsed.

{¶23} The State then argues time tolled from July 10, 2010, through January 31, 2011, due to "22 motions filed by Appellant (Includes dismiss, suppression, and disqualification motions)." (Appellee's Br. 4). For instance, on July 9, 2010, he filed a motion to "dismiss all counts" based on an alleged statutory speedy trial violation, and a motion to dismiss count one based on an alleged defect in the indictment. On July 23, 2010, he filed a "demand for dismissal with prejudice," again based on a statutory speedy trial violation argument. He filed an "addition to memorandum" on the speedy trial issue on July 26, 2010. On September 1, 2010, Carr filed an affidavit with the Supreme Court of Ohio seeking the trial judge's disqualification. On September 13, 2010, the Chief Justice found no basis for an order of disqualification. From September 13, 2010, until November 24, 2010, Carr filed 12 motions to dismiss based on speedy trial grounds, averaging about one motion per week. He filed a motion for "summary judgment" on January 5, 2011. On January 18, 2011, he filed "objections to denial due process, equal protection, and access to the court." He objected to any further proceedings on count one based on his complaints set forth in this document.

{¶24} Carr argues that we should not toll any time between July 9, 2010, and January 31, 2011. He admits that he "filed several motions to dismiss the indictment on

speedy trial grounds between July 9, 2010 and November 24, 2010[.]" (Appellant's Br. 6). But he complains the court never held a hearing on the motions and did not "bother to journalize an entry denying those motions." (Appellant's Br. 6). He argues that the "182 days or 6 months that elapsed between the filing of his motions and Count One being scheduled for jury trial should *not* be tolled because there is no valid reason for the trial court to have allowed [his] case to remain in virtual limbo for such a lengthy period of time, especially as [he] was incarcerated."(Emphasis sic.) (Appellant's Br. 7).

**{¶25}** Contrary to Carr's contention, the court did issue an entry ruling on all of his pending motions on January 28, 2011. We recognize this means the court took about six and a half months to decide some of Carr's motions, like the July 9, 2010 motions to dismiss. "Although the Supreme Court has held that a defendant's motion tolls the speedy time period for a reasonable time: '[t]his does not imply that the state may prolong its response time or that a trial court has unbridled discretion in taking time to rule on a defense motion. * * * [A]s we have already stated, "[a] strict adherence to the spirit of the speedy trial statutes requires a trial judge, in the sound exercise of his judicial discretion, to rule on these motions in as expeditious a manner as possible." ' " *Staffin*, 4th Dist. Ross No. 07CA2967, 2008-Ohio-338, at ¶ 18, quoting *Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, at ¶ 27, in turn, quoting *State v. Martin*, 56 Ohio St.2d 289, 297, 384 N.E.2d 239 (1978).

**{¶26}** "[T]he Supreme Court of Ohio has suggested that, in addition to the facts and circumstances of the case, courts should consider the time limits imposed by court rules in determining how long to toll the speedy trial period." *Staffin* at ¶ 18, citing *State v. Palmer,* 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, ¶ 24. And again,

"[t]his Court and others have suggested that the 120-day period prescribed in Sup. R. 40 for ruling on a motion 'serves as an indication of what a reasonable amount of time would be in a typical case.' " *Staffin* at ¶ 18, quoting *Keaton*, 4th Dist. Pickaway No. 95CA15, 1996 WL 271704, at *2.

**{¶27}** Therefore, we conclude 120 days was a reasonable time for the court to decide Carr's motions to dismiss from July 9, 2010, as the motions do not appear so complex that the court needed more time than that. Nonetheless, we conclude that even after 120 days elapsed from the filing of those motions, the speedy trial clock never started again until the court issued its entry on January 28, 2011, because of other overlapping tolling events. For instance, from September 13, 2010, until November 24, 2010, Carr filed about one motion to dismiss per week. The fact that the court did not conduct a hearing on these motions does not mean the motions did not delay the trial. Although our review reveals these motions to dismiss were somewhat repetitive, Carr's obvious impatience with the trial court does not prohibit us from tolling speedy trial time due to them. "Allowing a defendant to file any motions he pleases while not tolling the speedy-trial time would open the door for severe abuse of the system. This would essentially grant criminal defendants the ability to bury the state with paperwork and then claim a 'gotcha' when they are not brought to trial on time." *State v. Wiest,* 1st Dist. Hamilton No. C-030674, 2004-Ohio-2577, ¶ 23.

**{¶28}** Like this court, the trial court had to take the time to review each of the motions to dismiss regardless of whether they ultimately proved repetitive. The court had to do this while also reviewing the other motions Carr filed, like his "objections" to the court's actions and his motion for summary judgment. Moreover, because of the

affidavit of disqualification Carr filed, the trial court lost authority to preside over the case from September 1, 2010, until September 13, 2010. R.C. 2701.03(D)(1). Thus, the court lost approximately two weeks of time it could have used to decide Carr's motions. *See State v. Phillips*, 4th Dist. Highland No. 09CA13, 2009-Ohio-7069, ¶ 17-18 (tolling speedy trial time during periods the trial court lost jurisdiction due to proceedings on affidavits of disqualification).

{¶29} We find up to 120 days from the date of the filing of each motion to dismiss was a reasonable time for the court to decide each motion. Thus, we conclude speedy trial time tolled from July 10, 2010 (the day after Carr filed his July 9 motions to dismiss), until January 28, 2011, when the court issued its written decision on all of Carr's numerous pending motions. However, we fail to see the rationale behind the State's argument that time tolled on January 29, 2011, and January 30, 2011, as it appears Carr had no pending motions during that period. Therefore, we conclude two actual days and six speedy trial days elapsed during that period. Thus, as of January 31, 2011, 105 speedy trial days had elapsed in total.

{¶30} The trial court set the trial on count one for January 31, 2010. However, Carr's back-up counsel did not appear that day, so the court sua sponte continued the trial until March 23, 2011. R.C. 2945.72(H) provides: "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following: * * * The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"

{¶31} "Ideally, '[w]hen sua sponte granting a continuance under R.C.

2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial.' " *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, ¶ 32, quoting *State v. Mincy,* 2 Ohio St.3d 6, 441 N.E.2d 571 (1982), syllabus.  However, the Supreme Court of Ohio has "recognized that an appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record."  *Ramey* at ¶ 33. For the continuance to toll speedy trial time, "[t]he record must reflect that the continuance was 'reasonable in both purpose and length.' "  *State v. Martin*, 56 Ohio St.2d 289, 293, 384 N.E.2d 239 (1978), quoting *State v. Lee*, 48 Ohio St.2d 208, 210, 357 N.E.2d 1095 (1976).

**{¶32}**  In an entry from January 31, 2011, the court explained its failed efforts to contact back-up counsel.  The court acknowledged Carr's objection to a continuance but explained that it "believes there are certain issues in this case, as well as the procedural conduct of the trial, for which back-up counsel would be of the utmost assistance to Mr. Carr * * *."  And the court stated that it "does not believe that Mr. Carr can adequately function as counsel for himself without back-up counsel to rely on."  The court found the speedy trial time would toll during the period of the continuance under R.C. 2945.72(H).[2]

**{¶33}**  Carr objects to the court's decision to sua sponte grant a continuance

---

[2] The court referenced this statutory provision in two entries filed January 31, 2011.  In a third entry filed that date, the court referenced R.C. 2945.72(G), but that appears to be a typographical error as that provision relates to stays, not continuances.

based on back-up counsel's failure to appear.  Carr argues that he "made it quite clear from the beginning that he wished to represent himself * * *."  (Appellant's Br. 7).  And he complains that back-up counsel never contacted him or the court about counsel's unavailability for the original trial date.

{¶34}  We find the purpose of the continuance was reasonable.  Even though Carr objected to the continuance, the court originally appointed Sherrod as back-up counsel at Carr's request.  Moreover, the record indicates that when the trial on the registration charge ultimately occurred in case number 11 CR 220, Carr asked the court to appoint Sherrod to represent him in the middle of it.  And after that trial, Sherrod continued to act as Carr's attorney in the proceedings on count two and three in case number 10 CR 117.  Thus, we fail to see how Carr can argue with the court's belief that it was in his best interest to continue the originally scheduled trial on count one to ensure the presence of back-up counsel.

{¶35}  The court did not explicitly explain the rationale behind the length of the continuance, i.e., 52 days.  The court orally indicated it would try to get the trial set for "next month," i.e., February 2011, and this obviously did not happen.  We recognize that a 52-day continuance is significant for an individual awaiting trial in jail.  However, we have previously held that "given the time constraints and complexity of a trial court's docket, 58 days is a reasonable length of time to continue a jury trial."  *State v. Cottrell*, 4th Dist. Ross Nos. 11CA3241 & 11CA3242, 2012-Ohio-4583, ¶ 17.  *See also State v. Hughes*, 4th Dist. Athens No. 08CA19, 2010-Ohio-2969, ¶ 9 (stating "[w]e are cognizant of the burdensome caseloads in Ohio trial courts and do not believe that a two month continuance is necessarily unreasonable").   This is especially so in light of the 120 day

period deemed reasonable above in the context of deciding a motion. Therefore, we conclude the 52-day continuance was reasonable and speedy trial time tolled from January 31, 2011, until the new March 23, 2011 trial date.

**{¶36}** On March 23, 2011, the court continued the trial on count one again until May 23, 2011, because an "essential defense witness did not appear because she had not been served with her subpoena." (Appellant's Br. 4). On May 23, 2011, the trial commenced on the registration offense under a different case number. This trial concluded on May 25, 2011. In his speedy trial calculation, Carr concedes time tolled from March 23, 2011, through May 25, 2011.

**{¶37}** After May 25, 2011, Carr argues that time never tolled again before the court found him guilty on November 21, 2011. However, he does acknowledge that during this period the triple-count provision did not apply.

**{¶38}** The State concedes time did not toll from May 26, 2011, through September 8, 2011. During this period, 106 actual and speedy trial days elapsed. This brings the total speedy trial day count to 211 days.

**{¶39}** The State contends two more continuances tolled the rest of the time up until the court's finding of guilt. The court set the trial on counts two and three for September 8, 2011. Sherrod did not appear for trial again. The court signed an entry the clerk journalized the following day, explaining that Carr's appointed counsel did not appear and detailing the court's efforts to contact him. The court stated it had "no choice but to continue the jury trial in this matter" and that speedy trial time tolled under R.C. 2945.72(C) and (H). The court did not set a new trial date at that time but scheduled a contempt hearing for September 23, 2011. On September 29, 2011, the

court issued an entry finding Sherrod had a serious health problem that prevented him from contacting the court before the September 8 trial date. The court found he was not in contempt, set the trial for November 21, 2011, and found speedy trial time tolled until then under R.C. 2945.72(C) and (H).

**{¶40}** First we will address the period from the September 9, 2011 continuance entry until the September 23, 2011 contempt hearing. R.C. 2945.72(C) permits a court to toll speedy trial time during: "Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law[.]" However, this provision "applies to those situations where the accused is without, and must procure, defense counsel." *State v. Singer*, 50 Ohio St.2d 103, 108, 362 N.E.2d 1216 (1977). It does not apply where the accused has counsel but counsel does not appear for a scheduled proceeding. *See id.* (finding R.C. 2945.72(C) did not apply where the defendant's retained counsel did not appear for arraignment). Thus, we disagree with the court's statement in the September 9, 2011 entry that time tolled under R.C. 2945.72(C).

**{¶41}** However, the court also found time tolled under R.C. 2945.72(H). The record does not indicate that Carr requested a continuance of the September 8, 2011 trial date. The court's entry implies it granted the continuance sua sponte. Carr complains that this time should not count against him. But the continuance was for a reasonable purpose. The court clearly could not conduct the trial on the scheduled date because Carr had exercised his constitutional right to counsel, and his attorney was not present. The record does not indicate Carr requested a replacement for Sherrod at that

time.  And clearly, the court could not set another trial date before it located Sherrod and determined why he had not appeared.  Fifteen days is a reasonable period of time to accomplish those goals.  Thus, the court had a reasonable basis to continue the proceedings and toll time at least until the contempt hearing on September 23, 2011.  And we note that Carr was evidently satisfied enough with Sherrod's representation and explanation for his absence to permit Sherrod to represent him during the remainder of the proceedings.

{¶42}  We need not address whether time also tolled from September 24, 2011, (the day after the contempt hearing) to November 21, 2011 (the next trial date and date the court found Carr guilty).  Even if we counted that period against the State, only 59 actual and speedy trial days elapsed during it.  That would mean that exactly 270 speedy trial days elapsed when the court found Carr guilty on his no contest plea.  In other words, even if we counted those 59 days against the State, the State still would have brought Carr to trial within the statutory speedy trial time limit.  Accordingly, we overrule Carr's sole assignment of error and affirm the judgment below.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
        William H. Harsha, Judge




### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**